W. H. FAULK, *Plaintiff in Error*, v. C. W. RICHARDSON, *Defendant in Error*.

When A contracts with B to purchase from the latter an automobile at the factory in Michigan to be delivered in Florida, but before the car is shipped notifies B to cancel the order, he

is not liable for the difference between the contract price and what B sold the car for in Florida, in the absence of notice of the sale or that B refused to cancel the order.

Writ of error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Cook & McRae,* for Plaintiff in Error;

*Laird & McGeachy,* for Defendant in Error.

COCKRELL, J.—Faulk agreed to purchase through Richardson an automobile from the factory at Lansing, Mich., to be delivered at Pensacola. The contract is alleged to have been an oral one, evidenced by certain correspondence. On April 30, 1910, Faulk, who lived at Chipley, Fla., telegraphed to Richardson at Milton, Fla., to "wire order in for Four Cylinder Car complete, check to follow," and on the same date wrote enclosing a check for one hundred dollars, as the first payment and directing that the contract be filled out as agreed upon and sent him for signature; also that he be posted as to when to expect the car. Five days thereafter Faulk writes "I wired you in ample time to cancel order. I also wrote you a day or so ago before getting your letter. I am enclosing the contract unsigned." Payment on the check was stopped.

We are not advised what reply if any was made by Richardson to this letter of May 5th, but at some time he sold the car in Pensacola for $315 less than the contract price, but at "the highest price obtainable in the market," and in this action recovered judgment for $300.

The declaration does not measure the damages by the

difference between the contract and the market price, but it is measured by the difference between contract price and the sale price of this machine in Pensacola. It is not denied that Richardson was notified, as asserted in Faulk's letter of May 5, made part of the declaration, "in ample time to cancel the order" before the car left the shops in Michigan, nor does it appear that Faulk was ever advised that the car had left the shops until this action was brought. Richardson upon his own showing owed some duty to Faulk to keep him advised of the status, and cannot be permitted to pile up the damages against one whom he had kept in the dark. See Benjamin on sale p. 807.

For aught that appears the prompt cancellation of the order at the time Richardson was notified would have entailed but nominal loss to either party, and we have no proper basis on this record for allowing a substantial recovery.

Judgment reversed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.